485 P.2d 671

**L. D. NEWEY, Jack C. Turner, Irving H. Biele, Howard C. Jones, and James A. Murphy, Plaintiffs and Appellants,**

**v.**

**Gordon I. HYDE and Ralph McBroom, dba Hyde & McBroom, Defendants and Respondents.**

**No. 12201.**

Supreme Court of Utah.

May 27, 1971.

**94**

Gerald H. Kinghorn, of Hatch, McRae, Richardson & Kinghorn, Salt Lake City, for plaintiffs-appellants.

Shirley P. Jones, Jr., Salt Lake City, for defendants-respondents.

ELLETT, Justice:

The plaintiffs claim to be creditors of Red Hill Uranium Company, a corporation, which changed its name to Pacific Fidelity Corporation and then merged with Petroleum Recovery Corporation. The defendants, as lawyers, rendered legal services to the corporate entity. They paid themselves $8319.36 out of a check delivered to them by the corporation, and this action is to recover that money on the theory that defendants were bailees only and converted funds which rightfully belonged to the plaintiffs.

A motion for judgment on the pleadings was made; but since matters outside of the pleadings were considered by the court, the motion was converted into one for summary judgment.[1] Other facts considered by the court were as follows:

Red Hill entered into an agreement with Turner, Biele, and Jones, et al., whereby Red Hill borrowed $12,000 cash with which to drill an oil well on the Buffalo lease which Red Hill held from the United States. It promised to pay the lenders $22,000 out of production from the oil well if one was produced. If no producing well

---

1. Rule 12(c), U.R.C.P.

was had, then it was to give the lenders a 50 per cent interest in another lease which it had with the Government. No producing well was ever drilled on the Buffalo claim. At about the same time as the agreement mentioned above was made, Red Hill entered into a purported agreement with L. D. Newey whereby Red Hill promised to pay Newey 50 per cent of the income which Red Hill would receive from the Buffalo lease,[2] less expenses.

The agreement is silent as to what Newey did or was to do for this promise on the part of Red Hill.

By another agreement dated October 28, 1960, but recorded December 1, 1961, Red Hill agreed to assign to Newey 50 per cent of its 82½ per cent interest in the Buffalo lease. As a consideration therefor, Newey agreed to commence drilling for oil on or before November 1, 1960. Red Hill further agreed to assign to Newey a 50 per cent working interest in and to the well and all equipment placed on the leased land. It was provided that the assignment contemplated by the agreement would be subject to the approval of Texaco, Inc. The record is silent as to whether Texaco, Inc., approved the assignment, and there is no claim made that Newey ever drilled a well on the lease.

Due to some misunderstanding, Red Hill failed to pay the rental due October 30,

1960, and the Buffalo lease lapsed. When a new lease was let by the Government, the new lessee was required to pay $14,990.46 to Pacific Fidelity Corporation for equipment left on the lease by Red Hill. The defendants, knowing of the three agreements above referred to, advised Pacific Fidelity Corporation that as successor to Red Hill's interest Pacific Fidelity Corporation was entitled to the money. Pacific then endorsed the check and sent it to the defendants, who cashed it, and after paying themselves the amount due, sent their own check to Pacific Fidelity Corporation for the balance of the funds.

■ Since there was no producing well on the Buffalo lease, the plaintiffs Turner, Biele, and Jones have no interest in the proceeds received for the equipment. They must look to a 50 per cent interest in the other lease to satisfy their claim.

■ Newey has no enforceable interest in the proceeds received from the new lessee because his interest was to come from a well which he never drilled. While his agreement provided that he would be given an assignment in and to the well and "equipment placed thereon," the record does not show that any assignment was actually made to him or that Texaco, Inc., ever approved it. He, therefore, is not entitled to any of the funds received from the new lessee.

2. Red Hill owned 83½ per cent of the interest in the Buffalo claim.

The plaintiff Murphy was by his own wish dismissed from the action. The defendant McBroom died after the action was commenced, and by agreement of the parties the action was continued against Hyde alone, who agreed to be bound individually for any judgment recovered against the partnership entity.

The trial court was of the opinion that none of the plaintiffs could recover in this action, and we are of the same mind. The judgment is affirmed with costs to the respondents.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.